UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                            **DECISION AND ORDER**
                                                        10-CR-252S

JOHN SORRENTINO,

                              Defendant.

        1.        On May 2, 2014, this Court stayed forfeiture proceedings in this case to consider Defendant's motions to enjoin the sale of forfeited property and to appoint counsel.  (Docket Nos. 95, 98, 99.)  Since that time, the government has filed detailed submissions explaining the facts and circumstances of the criminal and civil forfeiture proceedings.  (Docket Nos. 110, 112.)  Defendant has responded and filed additional motions seeking various forms of relief, including request to enjoin the sale or disposal of forfeited property.  (Docket Nos. 105, 115, 119, 120.)[1]  For the reasons that follow, Defendant's motions are denied and the stay of forfeiture proceedings in this case is vacated.

        2.        Defendant pled guilty to money laundering charges on September 22, 2010.  (Docket No. 6.)  As part of his plea, Defendant agreed to the forfeiture of, among other things, all of his interest in his former residence — 1375 Boies Rd. in East Aurora, New York.  (Docket No. 5, ¶¶ 23-30.)  On September 23, 2010, this Court issued a Preliminary Order of Forfeiture.  (Docket No. 3.)  It issued the Final Order of Forfeiture on February 7, 2013.  (Docket No. 75.)

---

[1] Defendant's children have also filed motions to enjoin the forfeiture proceedings.  They parrot Defendant's motions.  (Docket Nos. 113, 115.)  Their claims to the forfeited property, however, have already been extinguished.  (Docket No. 75.)

3. After a period of delay unrelated to the issues currently presented, the Department of Treasury's Executive Office for Asset Forfeiture contracted with CWSAMS ("CWS"), a real property and marketing firm, to manage the forfeiture sale of 1375 Boies Rd.  (Affidavit of Birgit K. Flores ("Flores Aff."), Docket No. 112-2, ¶1.)  CWS prepared the property for auction, which included clearing the title and paying any liens, judgments, and taxes. (Flores Aff., ¶¶ 2, 6.)  It also included securing two complete appraisals (interior and exterior), which each determined the fair-market value of the residence and 8.8 acres of the property to be $250,000.  (Flores Aff., ¶ 5.)

4. The appraisals, however, failed to include a landlocked 4-acre parcel that Defendant also owned as part of the property.  (Affidavit of Richard D. Kauffman ("Kauffman Aff."), Docket No. 112, ¶ 17.)  CWS described the property in its marketing campaign as including 8.8 acres, although the property listing referenced both the 8.8-acre parcel and the 4-acre parcel as included in the sale. (Flores Aff., ¶ 7.)  CWS marketed the property in local and regional print media, as well as on numerous government, real estate, and real estate auction websites.  (Flores Aff., ¶ 7.)  The websites received more than 35,000 hits in February 2014.  (Flores Aff., ¶ 7.)  CWS also conducted two open houses in February 2014, which yielded approximately 15 visitors.  (Flores Aff., ¶ 8.)  CWS auctioned the property on February 26, 2014, but attracted only 10 registered bidders. (Flores Aff., ¶ 9.)  The Department of Treasury ultimately accepted the high bid of $200,000, which included both the 8.8-acre parcel and the 4-acre parcel. (Flores Aff., ¶ 10.)

5. In his various motions, Defendant complains that the government mishandled the forfeiture sale such that it violates the Eighth Amendment as "cruel and unusual

punishment . . . [that] is repetitively punitive." (Docket No. 98, ¶ 7.) He contends that the full 12.8-acre property is worth approximately $450,000, and that the government agreed to this assessment and represented that it would market the property through a realtor, rather than dispose of it by auction. (Docket No. 98, ¶¶ 1, 2, 4, 6.) He further maintains that the government stated that the proceeds of any forfeiture sale would be applied to his restitution obligation. (Docket No. 98, ¶ 1.)

      6.     Upon review and consideration of all the submissions, this Court finds that Defendant is barred from challenging the forfeiture sale in the context of this criminal case. To begin, Defendant voluntarily and knowingly waived his right to challenge the forfeiture sale in his plea agreement, and in particular, waived any claims or defenses under the Eighth Amendment, which is where he grounds his present claims. (Plea Agreement, Docket No. 5, ¶¶ 20, 24, 26; Docket No. 98, ¶ 7.) Although Defendant complains that the government mishandled the forfeiture sale by selling his property at auction for a reduced price, he specifically agreed that the government could "*in its discretion*, sell or destroy any or all of the property" subject to forfeiture. (Plea Agreement, ¶ 24 (emphasis added).) Defendant also agreed to the following broad waiver, which bars his present claims:

> The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly, intelligently and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding referred to within this agreement. *Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States*, the State of New York or its subdivisions.

(Plea Agreement, ¶ 26 (emphasis added).)

7. Further, this Court has reviewed the transcript of the plea proceedings and contrary to Defendant's assertions, at no time did the government agree that the value of the property was $450,000, nor did it agree to use a realtor to accomplish the sale of the forfeited real estate. (Docket No. 86.) In addition, although the government may apply the forfeiture proceeds to Defendant's restitution obligation in certain circumstances, Defendant specifically agreed in his plea agreement that "forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture." (Plea Agreement, ¶ 27.)

8. In addition to the waivers in the plea agreement, Defendant further agreed to waive his right to appeal "the forfeiture and subsequent sale of the real property" when he executed a Stipulation for Sale of Property. (Stipulation for Sale of Property, Docket No. 112-1, ¶ 2.) Therein, Defendant "fully consent[ed]" to the government's sale of the property. (Stipulation for Sale of Property, Docket No. 112-1, ¶ 1.) Nowhere in the stipulation is Defendant's consent made contingent on a specific value or sale price for the property, nor is there any restriction on the methods the government could use to dispose of the property. (Stipulation for Sale of Property, Docket No. 112-1.)

9. Along with the enforceable waivers in the plea agreement and Stipulation for Sale of Property, Defendant's efforts to restrain the finalization of the sale of the property are foreclosed by the governing criminal forfeiture statute — 21 U.S.C. § 853. Twenty-one U.S.C. § 853 (h) specifically prohibits "the defendant or a person acting in concert with him or on his behalf" from filing an application to restrain or stay the sale or disposition of

4

forfeited property. This section also renders "the defendant or a person acting in concert with him or on his behalf" ineligible to purchase the forfeited property, which addresses Defendant's protestation that the government would not entertain his children's offer to purchase the property. See 21 U.S.C. § 853 (h).

10.     Finally, although Defendant vehemently disagrees, this Court finds, based on the submitted affidavits, that the government disposed of the forfeited property in conformance with the criminal forfeiture statutes, in particular 21 U.S.C. § 853 (i), which vests the Attorney General with the authority to dispose of forfeited property "by public sale or any other commercially feasible means," which would include the auction held in this case. For all of these reasons, Defendant's challenges to the forfeiture proceedings concerning 1375 Boies Rd. fail.[2]

11.     In his remaining motion, Defendant seeks to enjoin the government from selling or disposing of a 2005 Ford Mustang on the basis that the vehicle is not specifically listed in the plea agreement and disposal of the vehicle "would be excessively punitive, and serve no real value to the government [other] than to punish the defendant." (Docket 115, ¶¶ 1-3.) This request is moot, however, because the 2005 Ford Mustang was forfeited in civil forfeiture proceedings which Defendant failed to contest, presumably because he was not the record owner of the vehicle. (Document 117, ¶ 4.) The civil forfeiture of the 2005 Ford Mustang is final and complete, and the government has disposed of the vehicle consistent with 18 U.S.C. § 981. (Docket No. 117, ¶ 4, n.1.) The civil forfeiture case is closed. (See United States v. One 2005 Ford Mustang, 13-CV-642S.) Defendant's

---

[2] Because this Court finds that Defendant's claims are foreclosed, his motions for an independent appraisal and for the appointment of counsel to assist in further forfeiture-related proceedings are moot.

request to enjoin the government from disposing of the vehicle is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motions for Injunction Against Sale of Forfeiture Property (Docket Nos. 98, 111, 113, and 115) are DENIED.

FURTHER, that the stay of forfeiture proceedings issued on May 2, 2014 (Docket No. 99) is VACATED.

FURTHER, that Defendant's Motion for Appointment of Independent Appraiser (Docket No. 105) and Motion for Appointment of Counsel (Docket No. 95) are DENIED as moot.

SO ORDERED.

Dated: October 27, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court